**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

RICHARD WILLIFORD                                                                                       PLAINTIFF

v.                                              4:16CV00838-BSM-JJV

FAULKNER COUNTY DETENTION CENTER, *et al*.                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

      The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

      If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.    BACKGROUND**

Richard Williford ("Plaintiff") is incarcerated at the Faulkner County Detention Center and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 5.) Plaintiff alleges that he was assaulted by two inmates and subsequently denied medical attention. (*Id*. at 4.) Plaintiff's original Complaint named only the Faulkner County Detention Center as a defendant. (Doc. No. 2 at 1.) I cautioned Plaintiff that his Complaint was deficient and offered him an opportunity to file a superseding amended complaint. (Doc. No. 3 at 4.) Plaintiff has now filed an Amended Complaint. (Doc. No. 5.)

After careful review of the Amended Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**II.    SCREENING**

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   ANALYSIS

First, Plaintiff's claims against Defendant Brandon Singleton and Defendant Doe, an inmate named only as "Junior," fail as a matter of law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Roe v. Humke*, 128 F.3d 1213, 1215 (8th Cir. 1997) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). These are considered essential elements of a § 1983 claim. *See id.* In the words of the statute itself, § 1983 provides for liability against a person who acts "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia[.]" 42 U.S.C. § 1983. Defendants Singleton and Doe, Plaintiff's fellow inmates, were clearly not acting under color of state law when they allegedly assaulted him. Accordingly, Plaintiff's claims against them should be dismissed.

Second, Plaintiff fails to state a viable claim against Defendant Huffman, a lieutenant at the Faulkner County Detention Center, and against Defendant Stewart, a doctor at the Faulkner County

Detention Center. If Plaintiff was in fact denied medical attention, that is unfortunate. However, his "Statement of claim" fails to even allege that these Defendants were involved in the denial of medical attention. (Doc. No. 5 at 4.) My previous Order directed Plaintiff to provide specific facts against each named defendant, and his Amended Complaint fails to do so. (Doc. No. 3 at 5.) Plaintiff's claims against Defendants Huffman and Stewart should be dismissed for failure to allege specific facts sufficient to state a claim. *See Martin*, 780 F.2d at 1337 ("Although it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions.").

Finally, I note Plaintiff does not name the Faulkner County Detention Center as a defendant in his Amended Complaint. (Doc. No. 5 at 1–2.) Accordingly, it is no longer a party to this action.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Amended Complaint (Doc. No. 5) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 1st day of February, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."